UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
:
JAYVON KEITT, :
:
Petitioner, :
: 22-CV-9954 (VSB) (GS)
- against - :
: **OPINION & ORDER**
:
UNITED STATES OF AMERICA, :
:
Respondent. :
:
-------------------------------------------------------X

Appearances:

Jayvon Keitt
*Pro Se Petitioner*

Rebecca Lynn Salk
U.S. Attorney's Office, Southern District of New York
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

## I. Background and Procedural History

On November 22, 2022, Petitioner Jayvon Keitt ("Petitioner" or "Keitt"), a federal prisoner being held at FCI Schuylkill in Minersville, Pennsylvania, filed a petition pursuant to 28 U.S.C. § 2241, stating that the Federal Bureau of Prisons ("BOP") improperly refused to award him time credits under the First Step Act ("FSA").[1] (Doc. 1 ("Petition") at 1.)  Petitioner requested that I direct the BOP to grant him a sentence reduction by granting him time credits. (*Id*. at 3.)  On October 17, 2023, I referred this case to Magistrate Judge Gary Stein. (Doc. 16.)

---

[1] This case was initially assigned to Judge Analisa Torres, and was reassigned to me on November 29, 2022.

After the filing of the Petition, Keitt was released from BOP custody and began his term of supervised release. On October 28, 2024, Keitt was arrested for violating the terms of his supervised release, and after admitting to certain violations, he was sentenced to time served by Judge Analisa Torres. *See United States v. Keitt*, No. 20-CR-66, Doc. 69 (S.D.N.Y. Oct. 28, 2024); *id.* at Minute Entries dated Nov. 12, 2024 and Dec. 9, 2024. The Judgment entered in connection with Keitt's supervised release proceedings does not indicate that an additional term of supervised release was imposed. *Id.* at Doc. 74.

On March 12, 2025, Magistrate Judge Stein issued an Order outlining this procedural history and directing the parties to submit letters by April 9, 2025, informing him whether the pending Petition is now moot because Keitt is no longer incarcerated nor subject to supervised release. (Doc. 17.) On March 24, 2025, the United States Attorney's Office for the Southern District of New York submitted a letter affirming that "Keitt was released from BOP custody as of December 9, 2024" and "Judge Torres terminated Keitt's supervised release on December 9, 2024." (Doc. 18.) The Federal Bureau of Prisons' Inmate Locator confirms Keitt's release, stating that Keitt is "not in BOP custody as of 12/09/2024." Federal Bureau of Prisons, *Find an Inmate*, Search of No. 13624-036, https://www.bop.gov/inmateloc/ (last visited Apr. 14, 2025); *see also id.*, Search of Keitt, Jayvon (last visited Apr. 14, 2025). As such, the Government believes that Keitt's Petition is now moot. (Doc. 18.) To date, Petitioner has not submitted a letter in response to Magistrate Judge Stein's Order.

II. **Applicable Law**

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted).

2

A case becomes moot when "the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Once a case becomes moot, a federal court no longer has subject-matter jurisdiction over the action, *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and the court "must dismiss the case," *Blackburn*, 461 F.3d at 261.

### III. Application

Keitt is no longer incarcerated, and he is no longer on supervised release. Thus, Keitt has received all of the relief that he seeks in his Petition and his Petition is now moot. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (dismissing a petitioner's habeas challenge to the conditions of his confinement as moot because he was no longer imprisoned); *Baez v. Tellez*, No. 21-CV-04760, 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) (dismissing habeas petition because petitioner was released and therefore "already received the relief he requested"). Accordingly, the Petition is DENIED as moot.

### IV. Conclusion

The Petition is hereby DISMISSED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: April 17, 2025
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge